IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEVEN M. ARNOLD, | CV 04-655-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security, | |
| Defendant. | |

**SHARON MAYNARD**
Swanson, Thomas & Coon
820 Second Avenue, Suite 200
Portland, OR 97204

    Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1024

1  -   OPINION AND ORDER

**VIKASH CHHAGAN**
Acting Regional Chief Counsel, Seattle, Region X
**DAVID M. BLUME**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075

      Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Steven M. Arnold brings this action for judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act (Act).  This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

    The matter is now before the Court on the Commissioner's Motion to Remand for further administrative proceedings (#18).  The Commissioner concedes substantial evidence does not support the ALJ's decision, but she contends the record does not support an immediate award of benefits.  Arnold opposes the Commissioner's Motion and seeks an order remanding this matter for the calculation and award of benefits.

    For the reasons that follow, the Court **REVERSES** the Commissioner's decision, **DENIES** the Commissioner's Motion, and **REMANDS** this matter for the calculation and award of benefits.

## BACKGROUND

At the time of the Commissioner's final decision, Arnold was 37 years old and had a high school education. Tr. 15, 67.[1] He alleges disability beginning April 15, 1995, due to mental deficits resulting from head trauma, problems in his right knee and left leg, and muscle spasms in his lower back and legs. Tr. 63.

In a motorcycle accident on June 5, 1986, Arnold suffered multiple injuries: a severe traumatic brain injury with multiple skull fractures and an acute epidural hematoma, fractures in the left wrist and right knee, and multiple lacerations. Tr. 175.

He worked at numerous short-term jobs in the past, including maintenance worker, gas-station attendant, materials handler, short-order cook, dishwasher, customer-service representative, and sales associate. Tr. 71, 75, 79, 767.

Arnold satisfied the insured status requirements for his Title II claim through December 31, 1999. Tr. 14. He must establish, however, that he was disabled on or before that date to prevail on his claim for DIB. *See* 42 U.S.C. § 423(a)(1)(A). Although there is no insured status requirement for Title XVI claims, SSI payments cannot be made retroactively. Social

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of record filed with the Commissioner's Answer (#4).

Security Ruling (SSR) 83-20. Arnold must show he was disabled on or after his filing date to prevail on his Title XVI claim.

**<u>DISABILITY ANALYSIS</u>**

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the claimant must demonstrate he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner has developed a five-step sequential process for determining whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. §§ 404.1520, 416.920. There is no dispute involving the first four steps in this case.

For the purposes of Step Five, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant still can do on a regular and continuing basis despite the limitations imposed by his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). *See also* SSR 96-8p.

If the Commissioner reaches Step Five, she must determine whether the claimant can perform any work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. §§ 404.1520(e) and (f), 416.920(e) and (f). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S FINDINGS

The ALJ found Arnold had a combination of mental and physical impairments, including residuals from his leg fracture, and a history of head trauma resulting in moderately diminished cognitive functioning. Tr. 16, 23. He found Arnold's alleged physical impairments in the left leg and right knee were not severe. Tr. 16.

The ALJ assessed Arnold's RFC as follows:

> I find the claimant retains the residual functional capacity to perform the exertional demands of light work, or work which requires "occasional" lifting-carrying of twenty pounds and "frequent" lifting-and-carrying of ten pounds; his push-pull capacity is limited in his lower extremities to no more than 10-pound, and his push/pull capacity is unlimited in his upper extremities to what he can "lift and carry," up to 20-pounds

5  -   OPINION AND ORDER

> "occasionally." The claimant also has the
> exertional capacity to "sit, stand and walk"
> up to 6-hours (cumulatively, not
> continuously), in an 8-hour workday with
> normal breaks, with the option to alternate
> from one position to another, in 30 minute
> increments.
>
> I also find Mr. Arnold's capacity for light
> work is diminished by significant non-
> exertional limitations, based on his leg
> fracture. I have concluded that he is unable
> to do any kneeling. The remainder of his
> non-exertional limitations are vocational, in
> as much as he is limited to non-complex,
> simple work. He is also restricted to
> employment that involves minimal public
> interaction. Due to his racing thoughts, his
> "RFC" is additionally limited by "occasional"
> moderate to severe concentration deficits.

Tr. 22.

The ALJ found Arnold remains capable of performing work in the national economy. Tr. 22. The ALJ identified examples of such work drawn from the testimony of the vocational expert (VE), including small-products assembler, rack sorter, and janitor. Tr. 22.

## **STANDARD FOR REMAND**

The decision whether to remand for further administrative proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings.

A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d at 1178 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The third prong of this test is actually a subpart of the second. *Harman*, 211 F.3d at 1178 n.7.

## **DISCUSSION**

The Commissioner seeks remand for additional proceedings to allow the ALJ to have an opportunity to explain his ambiguous and inconsistent findings. The Commissioner urges the Court to permit the ALJ to clarify his reasons for limiting Arnold to light exertion despite finding no physical impairments and to clarify his findings regarding the existence, severity, and frequency of Arnold's concentration deficits. In addition, the

7 - OPINION AND ORDER

Commissioner concedes the ALJ did not address properly the
opinions of some medical sources and failed to reflect all of the
limitations of Arnold's RFC assessment in the hypothetical
questions used to elicit testimony from the VE.

Arnold objects to further proceedings because the VE's
testimony establishes that Arnold's concentration deficits would
preclude competitive employment.

In his RFC assessment, the ALJ found Arnold has racing
thoughts that cause "occasional" moderate to severe concentration
deficits.  Tr. 22.  The ALJ characterized the frequency of
Arnold's symptoms to the VE as follows:  "at least on an
occasional . . . recurring daily basis."  Tr. 769.  The VE
testified such a deficit would significantly affect a person's
ability to work at a competitive level and would make a sheltered
work environment necessary.  Tr. 768-69.

This Court also is mindful of the delay that has occurred in
reaching a determination on Arnold's claims.  Arnold filed his
applications nearly ten years ago.  Tr. 25.  The matter has been
remanded once before due to the Commissioner's inability to
locate the recording of the original ALJ hearing.  Tr. 611-13.
The Court finds Arnold should not be penalized for delays that
cannot be attributed to him.

In addition, the Court concludes the VE's testimony resolves
all issues necessary for a determination of disability; *i.e.,* as

the VE testified, the limitations in the ALJ's RFC determination preclude Arnold from engaging in competitive employment and make sheltered employment necessary.  In light of the VE's testimony, the Court does not find any of the grounds for the Commissioner's Motion justify remand of this matter for further proceedings because, as noted, the record is adequate to make a determination without additional delay that Arnold is disabled and, therefore, no useful purpose would be served by further administrative proceedings.

Accordingly, in the exercise of its discretion, the Court finds additional delay to permit the Commissioner to correct new errors is not justified and remand for an award of benefits is appropriate.  *See Kennedy v. Apfel*, No. CIV 99-6039-HA, 2000 WL 913690 (D. Or. Feb. 2, 2000)(citing *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993)(when long delays have already resulted from the Commissioner's errors, it is proper for the Court to exercise discretionary authority to remand for an immediate award of benefits).

## CONCLUSION

For these reasons, the Court **DENIES** the Commissioner's Motion to Remand for further administrative proceedings (#18).  Accordingly, the Court **REVERSES** the Commissioner's final decision and **REMANDS** this matter pursuant to Sentence Four of 42 U.S.C.

§ 405(g) for the calculation and award of benefits consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 26th day of August, 2005.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

ARNOLDCV04-655-O&O.8-25-05.wpd